IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHAREEN TANNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-00280-RAH-KFP |
| | ) | [WO] |
| SHAILESH J. TANNA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On April 14, 2025, Shareen Grice/Tanna removed this domestic relations case to this Court from the domestic relations division of the Circuit Court of Elmore County, Alabama.  After careful consideration, this action is REMANDED for lack of subject matter jurisdiction.

### BACKGROUND

Plaintiff bases removal on 28 U.S.C. §§ 1441 and 1443, 42 U.S.C. §§ 1983 and 1985, and the Elmore County Circuit Court's conduct and management of Plaintiff's domestic-relations dispute with her ex-husband.  Plaintiff asserts that the circuit court's consolidation of her "pro se contempt and modification motion" with an existing underlying action without notifying Plaintiff violated "state and federal rules of civil procedure, den[ied] [her] the right to participate meaningfully in her own case," and therefore violated her due process rights under the Fourteenth Amendment and her civil rights for "racial justice and equal protection." (Doc. 1 at 2.)

Because of its ongoing obligation to assess the existence of subject matter jurisdiction, the Court ordered Plaintiff to show cause as to why this action should

not be remanded for lack of jurisdiction. (*See* doc. 4.)   In that order, the Court identified two concerns: the fact that (1) this is a domestic-relations case which is an exception to federal jurisdiction, *see United States v. Windsor*, 570 U.S. 744, 767 (2013), and (2) a *plaintiff* generally cannot remove a case from state to federal court. *See* 28 U.S.C. §§ 1441(a), 1443.   Plaintiff timely filed her response, in which she argues that subject matter jurisdiction exists because, according to her, "[t]his is not a conventional family court matter," as "[i]t involves deeply rooted violations of federally protected rights, including due process, civil rights under 42 U.S.C. § 1983, and statutory protections under the Violence against Women Act (VAWA)." (Doc. 5 at 1.)   While the Court is sympathetic to Plaintiff's alleged circumstances, the Court does not have jurisdiction over this case.[1]

## STANDARD OF REVIEW

Federal courts may only adjudicate cases as "authorized by Constitution and statute." *See Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).   In other words, unless Article III of the Constitution provides the jurisdictional basis, federal courts have no authority to act without a statutory grant of subject matter jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999).   And in the context of removal, whenever there are uncertainties of a federal court's exercise of subject matter jurisdiction, remand is the appropriate course of action. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

---

[1] The Court notes that Plaintiff appears to attempt to name new parties in her motion for emergency relief and in her response to the Court's show cause order.  But the action that she removed is her child-custody dispute, which the Court has no jurisdiction over, and none of her allegations state that the named defendant in the domestic-relations case caused her alleged harm. Plaintiff's injury must be "fairly traceable" to the Defendant's alleged conduct. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  And that is not the case here.

## DISCUSSION

Despite Plaintiff's characterization of the case, the Court lacks subject matter jurisdiction. A district court has original jurisdiction based either on a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. And in limited circumstances, a defendant may also remove a case based on civil rights violations. *See* 28 U.S.C. §§ 1343, 1357, 1443; *Jimenez v. Wizel*, 644 F. App'x 868, 869 (11th Cir. 2016) ("[M]atters regarding enforcement of constitutional rights related to equality may properly be removed to federal court." (citing 28 U.S.C. § 1443)). Here, Plaintiff characterizes her domestic-relations case as one of constitutional and civil rights infringements. But she, as the plaintiff, cannot remove her own case, and the removed case, at its core, is a domestic relations dispute over which the Court lacks subject matter jurisdiction.

As an initial matter, the relevant removal statutes here—Sections 1441(a) and 1443—do not allow a *plaintiff* to remove her own case to federal court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant* . . . , to the district court of the United States[.]" (emphasis added); *id.* § 1443 ("Any of the following civil actions . . . commenced in a State court may be removed *by the defendant* . . . ." (emphasis added); *see also Rigaud v. Broward Gen. Med. Ctr.*, 346 F. App'x 453, 454 (11th Cir. 2009) (per curiam) (affirming a district court's *sua sponte* dismissal of the case because it "was required to dismiss [the] action" where it was the plaintiff who removed the case from state court). Because it was Plaintiff who removed her own action, the action must be remanded. *See Rigaud*, 346 F. App'x at 454.

Further, even if Plaintiff was a proper removing party, the case still must be remanded because it is a domestic relations case over which the Court lacks subject matter jurisdiction. "[F]ederal courts generally dismiss cases involving divorce and

alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Ingram v. Hayes,* 866 F.2d 368, 369 (11th Cir. 1988) (per curiam) (citations omitted) (holding although diversity of citizenship existed, the district court properly abstained from exercising jurisdiction in domestic relations case). Courts "willingly apply the domestic relations exception to federal questions and constitutional issues involving intra-family disputes" and "decline jurisdiction over federal questions which would deeply involve them in adjudicating domestic affairs." *Ingram*, 866 F.2d at 371. This "domestic relations exception mandates abstention when the district court could become enmeshed in factual disputes." *Id.* at 372 (internal quotations and citation omitted); *Jimenez*, 644 F. App'x at 870 (holding removal of child custody dispute was improper under Sections 1441 and 1443 where the alleged constitutional violations "stem[med] in whole from the ongoing state court's adjudication of the dispute between him and his wife").

Here, Plaintiff seeks to remove her child-custody (domestic relations) dispute from the domestic relations division of the Elmore County Circuit Court under § 1441, claiming that "[w]hile 28 U.S.C. § 1441 generally prohibits plaintiffs from removing their own cases, this action is not a traditional removal." (Doc. 5 at 3). Construing the *Notice of Removal* and *Response to Show Cause Order* broadly, Plaintiff seems to argue that removal is proper because her motion creates "a civil rights complaint tied to a void and fraudulently obtained state judgment." (*Id.*) By "state judgment," it appears that Plaintiff is referring to the Order of Consolidation (doc. 1-1 at 2) issued by the presiding state circuit court judge. Plaintiff argues in her removal notice that the state circuit court consolidated Plaintiff's pro se contempt and modification motion with an active case in that court, did not inform her of the consolidation, and allowed the defendant's counsel to initiate discovery. (Doc. 1 at 1.) Based on these actions, Plaintiff asserts that her due process rights under the

Fourteenth Amendment and her right to "participate meaningfully in her own case" were violated. (*Id.*) Though Plaintiff asserts that her action involves federally protected rights, the violations she alleges "stem in whole from the ongoing state court's adjudication of the dispute between [her] and [her husband]" regarding their custody arrangement. *Jimenez*, 644 F. App'x at 870. Therefore, the domestic-relations exception applies to this child-custody (domestic relations) action, and the Court lacks subject matter jurisdiction. Removal under § 1441 therefore was improper. *See Ingram*, 866 F.2d at 371; *Jimenez*, 644 F. App'x at 870.

Removal under § 1443 also does not save or confer federal jurisdiction here. Current precedent instructs that § 1443 removal applies "only to rights that are granted in terms of [racial] equality and not to the whole gamut of constitutional rights." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *accord Alabama v. Conley,* 245 F.3d 1292, 1295 (11th Cir. 2001) (per curiam). Removal under § 1443(1) must satisfy a two-prong test.[2] The removing party must first show that the "right upon which [she] relies arises under a federal law providing for specific civil rights *stated in terms of racial equality*." *Conley*, 245 F.3d at 1295 (internal quotations omitted) (emphasis added) (citing *Rachel,* 384 U.S. at 788). Claims of violations of rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination do not suffice. *Id.* Second, the removing party must show that she has been denied or cannot enforce that right in the state courts. *See Rachel*, 384 U.S. at 794. Usually, this "denial of . . . civil rights [must] 'manifest in a formal expression of state law.'" *Doerun Mun. Ct. Inc v. Bey*, 814 F. App'x 559, 560 (11th Cir. 2020) (per curiam) (quoting *Rachel*, 384 U.S. at 803). "It

---

[2] 28 U.S.C. § 1443(2) only "confers a privilege of removal . . . upon federal officers or agents and those authorized to act with or for them . . . ." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 & n.22 (1966); *Taylor v. Phillips*, 442 F. App'x 441, 443 (11th Cir. 2011). The removing party here is not an officer, thus § 1443(2) is inapplicable to this case.

is not enough for the defendant 'to allege or show that the defendant's federal equal rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.'" *Id.* (quoting *Peacock*, 384 U.S. at 827); *see Conley*, 245 F.3d at 1298 ("[The] allegation that [the defendant] cannot get a fair trial in state court because the state trial judge is biased in favor of the defendant for political reasons does not state a cognizable ground for removal under § 1443(1)."). In limited circumstances, however, an action may be removed if it is "premised upon a facially neutral state law" that directly conflicts with federal protection of civil rights. *Conley*, 245 F.3d at 1296–97.

But this action does not implicate equality-based rights cognizable under § 1443. Plaintiff does allege that her "case concerns federal constitutional issues, including . . . [r]acial justice and equal protection concerns under 28 U.S.C. § 1443," (doc. 1 at 2), but nowhere throughout her Notice of Removal, nowhere in her *Emergency Motion for Immediate Financial Relief Due to Retaliatory Legal Abuse, Psychological Coercion, and Housing Endangerment* (doc. 2), and nowhere in her *Response to Show Cause Order* (doc. 5) does she allege any facts supporting a claim of racial injustice. *See Peacock*, 384 U.S. at 832 (explaining that the mere allegation of racial discrimination does not allow a federal district court to consider otherwise unremovable actions).

Further, her remaining allegations invoke only "broad constitutional guarantees of general application, rather than rights implicating racial equality." *Jimenez*, 644 F. App'x at 870 (alteration adopted) (citing *Rachel*, 384 U.S. at 792). Because she fails to show removal was based on "a federal law providing for specific civil rights stated in terms of racial equality," Plaintiff fails to satisfy the first prong of *Rachel*. *Conley*, 245 F.3d at 1295–96 (citation omitted); *see also Dixit v. Dixit*, 769 F. App'x 879, 881 (11th Cir. 2019) (per curiam) (affirming remand where

removing-defendant failed § 1443(1)'s two-part test because he "contradicted his own argument that the state court was biased against him because of his race or nationality by alleging that the state court sided with his spouse who is the same race and nationality"); *Ashment v. McCarthy*, 697 F. App'x 679, 680–81 (11th Cir. 2017) (per curiam) (affirming remand in a contempt-for-failure-to-pay-child-support action based on defendant's failure to allege that the state court denied him a right stated in terms of racial equality where defendant alleged the "contempt proceeding violated his liberty interests and parental rights").

And even if Plaintiff had properly alleged a racial equality cause of action, §1443(1)'s second prong is not satisfied either. At most, Plaintiff alleges that her "rights have been illegally and corruptly denied by [Elmore County's court system and officials]," but that is not enough. *Doerun Mun. Ct. Inc*, 814 F. App'x at 560 (internal quotations and citation omitted); *see Conley*, 245 F.3d at 1298. Plaintiff does not point to any state law preventing her from enforcing her rights in state court, nor does she allege that a state law directly conflicts with the federal protection of her civil rights. *See Peacock*, 384 U.S. at 827; *Conley*, 245 F.3d at 1296–97; *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (holding on review of an application under § 1443(1) that "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.").

Because the Court lacks subject matter jurisdiction, this action will be remanded.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

1) This action is **REMANDED** to the Circuit Court of Elmore County, Alabama; and

2) The Clerk of the Court is **DIRECTED** to take the necessary steps to effectuate the remand.

**DONE** and **ORDERED** on this the 21st day of May 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE